UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

LOREAL WRIGHT and
DAUVINEE STANFILED,

    Plaintiffs,

v.

FLY LOW, INC., d/b/a KING OF
DIAMONDS, a Florida Corporation; AK "N"
ELI, LLC d/b/a KING OF DIAMONDS, a
Florida Limited Liability Company;
KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual;

    Defendants.

## COMPLAINT

  Plaintiffs, LOREAL WRIGHT (Wright") and DAUVINEE STANFIELD ("Stanfield") (collectively referred to as "Plaintiffs"), sue the Defendants, FLY LOW, INC., d/b/a KING OF DIAMONDS, a Florida Corporation ("Fly Low"); AK "N" ELI, LLC d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC, LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER, an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK" FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams") (collectively referred to as "Defendants") and allege as follows:

1

## NATURE OF ACTION

1. This action to recover money damages for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4), and 29 U.S.C. §216.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiffs occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiffs are stored or have been administered, in Miami-Dade County.

## PARTIES

4. At all times material, Wright was and is a resident of Miami-Dade County, Florida.

5. At all times material, Stanfield was and is a resident of Broward County, Florida.

6. At all times material, Plaintiffs are covered employees for purposes of the Act.

7. At all times material, Defendants owned and operated "King of Diamonds," a lounge and adult entertainment club located in Miami.

8. At all times material, Fly Low is a Florida Corporation having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

9. AK is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

10. KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

11. AK and KODRENYC share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. AK and KODRENCY are an integrated enterprise. Alternatively, each company is an enterprise under the Act.

12. AK and KODRENYC also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. AK and KODRENYC are joint employers. Alternatively, each company is an enterprise under the Act.

13. Kunstlinger, upon information and belief, resides in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC. Kunstlinger ran the day-to-day operations of "King of Diamonds" for Plaintiffs' period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Plaintiffs' wages and controlled Plaintiffs' work and schedule; issued disciplinary warnings and directly supervised all employees, including Plaintiffs; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Plaintiffs' employer as defined by the Act.

14. Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds." Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC. Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire

3

employees, was responsible for paying Plaintiffs' wages and controlled Plaintiffs' work and schedule, issued disciplinary warnings and directly supervised all employees, including Plaintiffs and was therefore, Plaintiffs' employer as defined by the Act.

15. Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC. Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Plaintiffs' employer as defined by the Act.

16. Adams upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamonds." Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC. Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Plaintiffs' wages and controlled Plaintiffs' work and schedule, issued disciplinary warnings and directly supervised all employees, including Plaintiffs and was therefore, Plaintiffs' employer as defined by the Act.

## COUNT I: WAGE AND HOUR VIOLATION (OVERTIME) – AGAINST ALL DEFENDANTS

17. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiffs and those similarly-situated to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.  At all times pertinent to this Complaint, Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendants obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Defendants were at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated was and/or is engaged in interstate commerce for Defendants.  Defendants' business activities involve those to which the Fair Labor Standards Act applies.  Defendants' place of business, "King of Diamonds" is a lounge and adult entertainment club and, through its

business activity, affects interstate commerce. Defendants employed Plaintiffs as waitresses and their work for Defendants likewise affects interstate commerce.

21. While employed by Defendants, Plaintiffs worked certain special events since the beginning of their employment. Plaintiffs were never compensated at the rate of not less than one and one half times the regular rate at which they are employed for those particular overtime hours worked. Plaintiffs are employed as waitresses performing the same or similar duties as that of those other similarly situated waitresses who Plaintiffs observed and currently observes working in excess of 40 hours per week without overtime compensation.

22. Plaintiffs worked for the Defendants from approximately July 2012 to the present.

23. Defendants did not properly compensate Plaintiffs for hours that Plaintiffs worked in excess of 40 per week.

24. The records, if any, concerning the number of hours actually worked by Plaintiffs and all other employees, should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and all other similarly situated employees.

25. Defendants violated the record keeping requirements of the Act.

26. Plaintiffs seek to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

27. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs' good faith estimate of unpaid overtime wages are as follows:

**PLAINTIFF WRIGHT**

    a. **Actual Damages:** $2,283.75

      i. <u>Calculation</u>: $7.25 (applicable minimum wage) + $3.63 (overtime rate) x 210 (approximate number of overtime hours for special events from 2012, 2013 and 2014) = $2,283.75

b. **Liquidated Damages:** $2,283.75

c. **Total Damages: $4,567.50**, plus reasonable attorneys' fees and costs of suit.

**PLAINTIFF STANFIELD**

d. **Actual Damages:** $2,283.75

      ii. <u>Calculation</u>: $7.25 (applicable minimum wage) + $3.63 (overtime rate) x 210 (approximate number of overtime hours for special events from 2012, 2013 and 2014) = $2,283.75

e. **Liquidated Damages:** $2,283.75

f. **Total Damages: $4,567.50**, plus reasonable attorneys' fees and costs of suit.

28. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

29. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and

remains owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiffs and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

30. Defendants willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants.

31. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly-situated and against the Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT II: WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ALL DEFENDANTS

32. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

8

33. This action is brought by Plaintiffs to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

34. Defendants are and at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

35. Plaintiffs' work for Defendants likewise affects interstate commerce. Defendants employed Plaintiffs as waitresses, and through their daily activities, Plaintiffs regularly worked with goods that were moved across State lines at any time in the course of business. Plaintiffs were and are engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Plaintiffs are covered employees for the purpose of the Act.

36. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

37. Defendants employed Plaintiffs from approximately July 2012 to the present. For an approximate period of twenty-two weeks (22) weeks, and on going, of Plaintiffs' employment, Plaintiffs have not been paid any wages of at least at the minimum rate of $7.25 established by the law. Defendants' wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements, as Plaintiffs were not paid the required

federal minimum wage for all hours worked and are therefore claiming federal minimum wage violations.

38.	The records, if any, concerning the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other similarly situated employees.

39.	Defendants violated the record keeping requirements of the Act.

40.	Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs good faith estimate of unpaid wages are as follows:

**PLAINTIFF WRIGHT**

   g. **Actual Damages:** $2,915.00

      iii.   Calculation:
             $7.25 (minimum wage) x 20 hours (per week) x 22 (compensable weeks) – ($275.00 – compensation received by Wright with no proof of an applicable pay period or record of hours) = $2,915.00

   h. **Liquidated Damages:** $2,915.00

   i. **Total Damages:** $5,830.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

**PLAINTIFF STANFIELD**

   j. **Actual Damages:** $2,684.00

      iv.    Calculation:
             $7.25 (minimum wage) x 20 hours (per week) x 22 (compensable weeks) – ($506.00 - compensation received by Stanfield with no proof of an applicable pay period or record of hours) = $2,684.00

10

    k.  **Liquidated Damages:** $2,684.00

    l.  **Total Damages:** $5,368.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

41.    Defendants unlawfully failed to pay Plaintiffs minimum wages for the hours and relevant time periods specified above.

42.    Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Plaintiffs and those similarly situated are entitled to recover double damages.

43.    Defendants willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages for the relevant time period of Plaintiffs' employment with "King of Diamonds."

44.    Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly-situated request that this Honorable Court:

A.    Enter judgment for Plaintiffs and other similarly-situated and against Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.    Award Plaintiffs actual damages in the amount shown to be due for unpaid wages;

C.    Award Plaintiffs an equal amount in double damages/liquidated damages;

D.    Award Plaintiffs reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## JURY TRIAL DEMAND

Plaintiffs, Loreal Wright and Dauvinee Stanfield request a trial by jury on all issues so triable as of right.

Dated: February 9, 2015.

By:/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 15099
Email: ria@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549